# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5473 | **DATE** | 12/18/2001 |
| **CASE TITLE** | Hampton vs. Leibach | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, respondent's motion to stay is granted in part. Petitioner's request for release pending the appeal is also granted. Respondent is ordered to release petitioner upon the posting with the Clerk of a quitclaim deed on the home of petitioner's sister as security for petitioner's appearance and the other conditions of his release.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 19 2001 | |
| | Notified counsel by telephone. | date docketed | 51 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
DEC 1 9 2001

PATRICK HAMPTON, )
)
Petitioner, )
)
vs. ) Case No. 99 C 5473
)
BLAIR LEIBACH, )
)
Respondent. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On November 29, 2001, the Court granted petitioner Patrick Hampton's petition for a writ of habeas corpus, ordering respondent to release him from custody unless the State of Illinois announced his intention to retry him within thirty days. *Hampton v. Leibach*, No. 99 C 5473, 2001 WL 1518533 (N.D. Ill. Nov. 29, 2001). Respondent filed a notice of appeal and then moved this Court to stay its judgment pending appeal. In response, Hampton requested his release pursuant to Federal Rule of Appellate Procedure 23(c). Respondent declined the opportunity to reply to Hampton's request and has not argued that the filing of a notice of appeal deprives this Court of jurisdiction to consider Hampton's request.

Release of a successful habeas corpus petitioner pending an appeal by the state is governed by Fed. R. App. P. 23(c), which provides that when the state appeals a decision to grant a writ of habeas corpus, the petitioner "must – unless the court or judge rendering the decision, or the court of appeals or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety." In *Hilton v. Braunskill*, 481 U.S.



770 (1987), the Supreme Court stated that Rule 23(c) "undoubtedly creates a presumption of release from custody in such cases," *id.* at 774, albeit one which may be overcome if the factors traditionally considered in deciding whether to stay a judgment in a civil case tip the balance against the presumption. *Id.* at 777. Those factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776. Among the matters that a court must consider are the possibility of the petitioner's flight; any showing by respondent of a risk that the petitioner will pose a danger to the public if released; and the state's interest in continuing custody and rehabilitation pending a final determination of the case on appeal. *Id.* at 777.

Respondent has barely even made a perfunctory effort to overcome the presumption in favor of release. On the issue of likelihood of success, respondent states in conclusory fashion, without referring to any particular portion of the Court's memorandum opinion, that "this Court's determination that trial counsel was ineffective for failing to call witnesses fails to show the deference due state court decisions on habeas review." Motion for Stay ¶5. This misstates the basis of the Court's ruling; it was based on counsel's complete failure to investigate the case and interview exculpatory witnesses identified to him by Hampton, not simply "failing to call witnesses." Just as importantly, this Court did not review the issue of trial counsel's effectiveness from a clean slate but rather addressed, as the law requires, whether the state court's decision was contrary to, or involved an unreasonable application of federal law as determined by the Supreme Court. *See Hampton*, 2001 WL 1518533, at *14. And our ruling

2

was amply supported by a number of Seventh Circuit decisions, including a post-AEDPA decision, *Washington v. Smith,* 219 F.3d 620 (7th Cir. 2000). In sum, respondent has failed to make any showing of likelihood of success, let along the "strong showing" required by *Hilton.*

Respondent claims that the state "will suffer irreparable injury as a result of having to undergo a possibly unnecessary retrial." Motion for Stay ¶6. The Court agrees that it is appropriate to permit the state to defer its decision whether to retry Hampton until the conclusion of the appeal – thus resolving respondent's primary claim of irreparable injury – but that does not govern whether Hampton should be released pursuant to Rule 23(c) while respondent's appeal is pending. On the issue of whether the state will be irreparably injured by Hampton's release, respondent argues that Hampton "is not an individual who lives within the confines of law and society, and the risk of harm is evident by his criminal history." *Id.* But Hampton has no criminal history, not even an arrest, other than the charges that were the subject of his habeas corpus petition. If the mere fact of having been convicted in the case to which a habeas corpus petition is directed was enough to overcome Rule 23(c)'s presumption of release, the presumption would be meaningless. The offenses with which Hampton was charged were horrible, but as discussed at length in the Court's Memorandum Opinion granting the habeas corpus petition, his convictions were based on a one-sided presentation of the evidence. Under the circumstances, we have no confidence in the validity of the outcome. Indeed, as discussed in the Memorandum Opinion, Hampton's co-defendant Ronald Mallory, whose lawyer (unlike Hampton's) did his job, was acquitted.

By contrast, the injury that Hampton will suffer by continued detention is undeniably irreparable. The fact that Hampton has already spent twenty years in prison does not mean that

3

the Court can disregard the harm he will suffer from further imprisonment. Hampton "suffers irreparable harm each day that he is imprisoned in violation of the United States Constitution." *Burdine v. Johnson*, 87 F. Supp. 2d 711, 717 (S.D. Tex. 2000). Illinois provides only a limited amount of compensation to wrongfully incarcerated persons, and then only if the person has been pardoned. *See* 705 ILCS 505/8(c). And based on what the Court has seen of Hampton's case, it is unlikely that he has any remedy against any state actor under 42 U.S.C. §1983. Finally, it is unlikely that any possible recovery against his trial attorney could fairly compensate Hampton for the detriment he will suffer by remaining behind bars. In sum, the harm that Hampton will suffer from further imprisonment is harm for which he has no adequate remedy.

Finally, the public interest does not tilt the balance in favor of continued incarceration. Respondent does not claim that Hampton poses a flight risk, and even if the risk of flight were deemed inherent, requiring the posting of security as a condition of Hampton's release will minimize any such risk.[1] We have already addressed the issue of danger; Hampton had no record of convictions or even arrests prior to his arrest in the case at issue, and respondent has made no attempt to show that Hampton poses a *current* risk, twenty years after the events at issue (for example, there is no indication that he has committed any acts of violence while incarcerated). *Cf. McCandless v. Vaughn*, No. 96-2310, 1999 WL 1197468, at *2 (E.D. Pa. Dec. 14, 1999) (finding no current danger resulting from defective seventeen-year-old murder conviction). In addition, the public has a significant interest in ensuring that individuals are not imprisoned in violation of the Constitution.

---

[1] Rule 23(c) expressly contemplates the possibility of requiring security for a petitioner's release pending appeal.

4

Though respondent has not argued the point, we have also considered the state's interest in continuing custody and rehabilitation pending determination of the appeal. *See Hilton*, 481 U.S. at 777. Hampton's sixty year sentence is effectively a thirty year sentence, assuming he receives all the good behavior credit to which Illinois law entitles him; respondent has stated that Hampton's current expected discharge date is in January 2012. Though he has ten years to go before this date, Hampton has already served two-thirds of his effective sentence, twenty full years. Any rehabilitative effect that such a sentence may be considered to have almost certainly has been accomplished by this time. In view of Hampton's service of the majority of his sentence, the state's continued interest in custody cannot, in the circumstances of this case, overcome the other factors, all of which weigh in favor of release.

For these reasons, though the Court will grant respondent's request to stay any need for it to announce whether it will retry Hampton, we find that respondent has failed to overcome the presumption in favor of release.

That does not mean that the Court will simply release Hampton on his own recognizance without conditions. He has lived behind bars for twenty years, more than half his life. Adjustment to life on the outside will present him with many challenges. Hampton's older sister, an employee of the United States Postal Service for the past twenty-eight years, has offered to allow him to live in the home she owns, where she resides with her ten year old son. She has also offered to post her home as security for Hampton's bond. Though she has only a modest amount of equity in the home, what is critical is her willingness to post it: losing the home would cause her and her son significant hardship completely apart from any financial loss. The Court will require the posting of a quitclaim deed as a condition of Hampton's release. As

further conditions of release, the Court will require Hampton to live with his sister in her home, restrict his travel to the State of Illinois, make reasonable efforts to seek employment, and avoid contact with the victims of the offenses with which he was charged in state court.

## Conclusion

For the reasons stated above, respondent's motion to stay is granted in part. The Court's order of November 29, 2001 requiring respondent to determine within thirty days whether to retry Hampton is stayed pending the conclusion of proceedings before the United States Court of Appeals for the Seventh Circuit. Petitioner's request for release pending the appeal is also granted. Respondent is ordered to release petitioner upon the posting with the Clerk of a quitclaim deed on the home of petitioner's sister as security for petitioner's appearance and the other conditions of his release.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 18, 2001